IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMER LARKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-23-307-JD |
| | ) |
| OKLAHOMA HUMAN SERVICES | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW the Plaintiff, Summer Larkins, and for her causes of action against the Defendant in her Complaint alleges and states as follows:

## I.   PRELIMINARY STATEMENT

This action arises under the provisions of Title VII of the Civil Rights Act of 1964; the Rehabilitation Act of 1973; and 42 U.S.C. 1981. Plaintiff seeks declaratory, injunctive and equitable relief to redress the deprivation of her rights of freedom from discrimination and retaliation in her employment with Defendant, Oklahoma Human Services (hereinafter "Defendant").

## II.   JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981 and 29 U.S.C. § 791 and the Rehabilitation Act of 1973, § 501.

1

3. All of the actions complained of occurred in Oklahoma County, Oklahoma. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court.

4. Plaintiff, Summer Larkins, was a resident of Oklahoma County, within the jurisdiction of the Western District of Oklahoma, at the time of the alleged events. As an employee, all acts and conduct complained of occurred at Oklahoma Department of Human Services, and all unlawful employment practices were committed by Defendant through its officers, employees, servants or agents.

### III. PROCEDURE

5. Plaintiff brought action for discrimination based on disability as it related to herself through the filing of a charge with the United States Equal Employment Opportunity Commission (EEOC). On January 9, 2023, The EEOC issued a Determination and Notice of Rights, entitling Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the date of receipt of said Determination. This action has been initiated pursuant to said notice. Plaintiff has timely and properly exhausted her administrative remedies.

### IV. FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in Roman numerals I through III, above.

7. Plaintiff, Summer Larkins, is an African American female and a person with

a disability, who at all relevant times was employed by the Defendant as a Child Welfare Specialist II.

8. Plaintiff, while fully competent and more than able to successfully perform her job tasks and duties, suffers from, among other diagnoses, anxiety and depression, which make daily work activities difficult.

9. On or about August 2021, Plaintiff requested two mental health days of her supervisor, Jessica Flores.

10. Ms. Flores, at the time of the request, informed Plaintiff that she would approve the two mental health days, and further advised that Flores would also be out of the office because it was her birthday.

11. Pursuant to the approval, Plaintiff took two days away from her job, seeking guidance from a mental health professional.

12. Upon Plaintiff's return to work, she noticed that her mental health days had been incorrectly coded in the time management system, and that she had been marked as absent without leave.

13. When Plaintiff addressed the issue with Jessica Flores, she was informed that Ms. Flores that Ms. Flores had no recollection of the granting the mental health related time off.

14. On September 14, 2021, without warning Plaintiff was discharged from her position for "no call, no show."

15. Plaintiff noticed, however, that her non-Black co-worker, Zack Bouma, had

received numerous warnings and had taken time off without consequence, while Plaintiff was not able to do the same.

16. Plaintiff's contends Defendant is liable under all aforementioned legal theories. Accordingly, Plaintiff brings the following causes of action:

### [COUNT ONE]

### Retaliation
### In Violation of The Rehabilitation Act of 1973

For her First Cause of Action, Plaintiff hereby adopts the allegations contained in Roman numerical paragraphs one (I) through four (IV) as if fully restated herein, and further alleges and states:

1. Plaintiff requested time off to seek therapy regarding her mental disability and was terminated immediately thereafter.

2. As a result, Plaintiff experienced increased bouts of anxiety, sleeplessness, depression, tearfulness and increased interference with her ability to perform daily life activities.

3. Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages.  Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of the Rehabilitation Act of 1973, including without limitation, back pay, restoration of leave, compensatory

damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

### [COUNT TWO]

### [Disparate Treatment and Retaliation -In Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981]

For her First Cause of Action, Plaintiff hereby adopts the allegations contained in Roman numerical paragraphs one (I) through four (IV) as if fully restated herein, and further alleges and states:

4.  Due to Defendant's unlawful and retaliatory acts and conduct, Plaintiff has suffered harm and is entitled to damages.  Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of Title VII and 42 U.S.C. Section 1981, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

**WHEREFORE,** Plaintiff, Summer Larkins, prays for judgment against Defendant, on her causes of action that:

1. Awards Plaintiff all available compensatory damages, including, but not limited to, lost wages and benefits, restoration of leave and back pay, damages for pain and suffering and loss of enjoyment in life for an amount in excess of $200,000.

2. Orders Defendant to pay attorney fees and costs incurred in litigating this cause of action;

  3. Grants such other and further relief as may be available in law and equity.

**RESPECTFULLY SUBMITTED this 10th day of April 2023.**

               s/Ge'Andra D. Johnson
               Ge'Andra D. Johnson, OBA #32810
               4101 Perimeter Center Drive, Suite 110
               Oklahoma City, OK 73112
               405-702-7228: Telephone
               405-702-6898: Facsimile
               **ATTORNEY FOR PLAINTIFF**
               **SUMMER LARKINS**

               **JURY TRIAL REQUESTED**