IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUMMER LARKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-00307-JD |
| | ) |
| OKLAHOMA HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Oklahoma Department of Human Services' ("ODHS") Motion to Dismiss ("Motion") [Doc. No. 25]. ODHS seeks dismissal of Plaintiff Summer Larkins' ("Larkins") Amended Complaint [Doc. No. 24] under Federal Rule of Civil Procedure 12(b)(6). Larkins responded in opposition [Doc. No. 28], and ODHS replied [Doc. No. 29]. For the reasons stated below, the Court grants the Motion.

**I.      FACTUAL BACKGROUND**

Larkins is an African-American female who works for ODHS as a Child Welfare Specialist II. Larkins suffers from anxiety and depression. She requested leave "in the form of two mental health days off work, from her supervisor, Jessica Flores." Am. Compl. [Doc. No. 24] ¶ 8. Flores said she would approve the leave for Larkins' two mental health days. Larkins used these two days to seek counseling from a mental health professional.

When Larkins returned to work, she noticed that her time away had been incorrectly coded in ODHS's time management system as "absent without leave." *Id.*

1

¶ 11. Larkins raised the issue with Flores, but Flores said she did not recall approving the time off from work. Shortly after, Larkins was discharged from her position for "no call, no show." *Id.* ¶ 13. One of Larkins' "non-Black coworker[s]," Zack Bouma, had Larkins' same supervisor and duties and "had taken time off without consequence." *Id.* ¶ 14. Larkins says Bouma was treated more favorably than her in the "terms, privileges and conditions of his employment" and "allowed to commit infractions without punitive action." *Id.* ¶ 23.

## II.   PROCEDURAL HISTORY

Larkins brought this suit against ODHS. Originally, she brought claims for retaliation under the Rehabilitation Act of 1973 and disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. [Doc. No. 1]. ODHS filed a motion to dismiss directed at the original complaint, which the Court struck as untimely and did not permit leave for refiling. *See* [Doc. Nos. 7, 9–12]. ODHS then answered. [Doc. No. 13].

Following entry of the scheduling order, Larkins sought leave to amend her complaint. *See* [Doc. Nos. 20–22]. The Court granted her motion, permitting her to file the Amended Complaint, and struck the scheduling order. [Doc. No. 23]. The arguments raised by ODHS on the retaliation and disparate treatment claims under Title VII and § 1981 in its motion to dismiss the original complaint are almost identical to its current Motion. *Compare* [Doc. No. 7] (stricken motion to dismiss original complaint), *with* [Doc. No. 25] (motion to dismiss Amended Complaint at issue). Thus, at the time she

filed her Amended Complaint, Larkins had the benefit of ODHS's arguments on these claims.

In her Amended Complaint, Larkins alleges claims against ODHS for retaliation under the Americans with Disabilities Act ("ADA") (Count 1), disparate treatment in violation of Title VII (Count 2), and violation of § 1981 (Count 3). ODHS again moved to dismiss for failure to state a claim under Rule 12(b)(6). In her Response to ODHS's Motion, Larkins did not respond to any of its argument regarding her 42 U.S.C. § 1981 claim (Count 3) and says she "concedes that her 1981 claim requires amendment to be properly set forth." [Doc. No. 28 at 6 n.2]. Therefore, the Court concludes this claim has been abandoned. *See United States v. Egli*, 13 F.4th 1139, 1144 (10th Cir. 2021) ("Waiver comes in two flavors—invited error and abandonment . . . [Abandonment] 'occurs when a party deliberately considers an issue and makes an intentional decision to forgo it.'" (quoting *United States v. Malone*, 937 F.3d 1325, 1327 (10th Cir. 2019))).

Thus, the Court proceeds to address ODHS's Motion directed at the remaining claims in the Amended Complaint.

### III.   LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the Court accepts as true the plaintiff's well-pled factual allegations in the complaint and "view[s] them in the light most favorable to the plaintiff." *Id.* However, "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court should grant a Rule 12(b)(6) dismissal "'if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)).

## IV.   ANALYSIS

### A.   Larkins has failed to plausibly allege a retaliation claim under the ADA (Count 1).[1]

ODHS argues that Larkins' retaliation claims fail because she does not allege sufficient facts to show she engaged in "protected activity" or "protected opposition to discrimination." [Doc. No. 25 at 4]. Larkins argues she engaged in a protected activity when she made her request for two mental health days.

To establish a prima facie case of ADA retaliation, a plaintiff must plausibly allege "1) she engaged in a protected activity; 2) she was subjected to adverse employment action subsequent to or contemporaneous with the protected activity; and 3) a causal connection between the protected activity and the adverse employment action."

---

[1] Similar to retaliation claims under the ADA, retaliation claims under Title VII require a plaintiff to allege "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action." *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014). Under the heading for her second claim, disparate treatment in violation of Title VII, Larkins' Amended Complaint says, "Due to Defendant's unlawful and retaliatory acts and conduct, Plaintiff has suffered harm and is entitled to damages." Am. Compl. ¶ 26. Even if the Court assumes Larkins meant to bring a Title VII claim for retaliation, this claim fails for the same reasons her retaliation claim under the ADA fails.

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999). "[A] request for accommodation can constitute protected activity supporting a retaliation claim." *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1188 (10th Cir. 2016). "For an ADA retaliation claim, a request for accommodation is adequate if it is 'sufficiently direct and specific, giving notice that [the employee] needs a special accommodation.'" *Id.* (alteration in original) (quoting *Calero–Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 23 (1st Cir. 2004)). "Although the notice or request 'does not have to be in writing, be made by the employee, or formally invoke the magic words reasonable accommodation,' it 'nonetheless must make clear that the employee wants assistance *for his or her disability*.'" *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011) (emphasis in original) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999)).

The only allegations Larkins includes in her Amended Complaint regarding her request for an accommodation are, "Plaintiff requested protected leave in the form of two mental health days off work, from her supervisor, Jessica Flores. Ms. Flores, at the time of the request, informed Plaintiff that she would approve the two mental health days . . . ." Am. Compl. ¶¶ 8–9. These statements do not plausibly allege that Larkins made clear she wanted these mental health days *for her disability*. Nothing in the Amended Complaint suggests Flores knew Larkins was requesting time off to deal with her anxiety and depression. Such allegations are necessary to establish that Larkins engaged in protected activity. Thus, for her retaliation claim under the ADA, Larkins has failed to state a claim to relief that is plausible on its face.

### B. Larkins has failed to plausibly allege a disparate treatment claim under Title VII (Count 2).

ODHS argues that Larkins has not plausibly alleged that she and Bouma were similarly situated. Larkins argues that specific facts are not necessary and "Defendant has possession of all of the evidence here." [Doc. No. 28 at 6].[2]

> In a disparate treatment claim relating to termination for violation of a work rule, a prima facie case is established once the plaintiff shows "(i) that [the plaintiff] belongs to a [protected class]; (ii) that he was discharged for violating a work rule . . .; and (iii) that similarly situated non-minority employees . . . were treated differently."

*E.E.O.C. v. Flasher Co.*, 986 F.2d 1312, 1316 (10th Cir. 1992) (alteration in original) (quoting *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1260 (10th Cir. 1988)). "When comparing the relative treatment of similarly situated minority and non-minority employees, the comparison need not be based on identical violations of identical work rules; the violations need only be of 'comparable seriousness.'" *Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 (10th Cir. 1995) (quoting *Flasher*, 986 F.2d at 1316). "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *McGowan v. City of*

---

[2] The Court notes Larkins' argument that ODHS is in possession of the evidence, but if a party does not first state a plausible claim, the party is "not entitled to discovery." *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see also id.* at 678–79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Hoang v. Wilkie*, No. 1:18-CV-01755-RM-KLM, 2020 WL 6156563, at *7 (D. Colo. Oct. 21, 2020) (recognizing that "discovery is not a tool to be used to cure pleading deficiencies"); *Dahn v. Adoption All.*, No. 13-CV-02504-RM-CBS, 2014 WL 12496539, at *8 (D. Colo. Aug. 28, 2014) (stating that "a plaintiff finds no refuge by arguing" that discovery is needed in response to a 12(b)(6) motion).

*Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997)). When analyzing whether employees are similarly situated, courts should compare "'the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees.'" *Id.* (quoting *Aramburu*, 112 F.3d at 1404).

Here, Larkins explains that her "non-Black co-worker, Zack Bouma, who shared the same supervisor and duties as Plaintiff, had received numerous warnings, and had taken time off without consequence, while Plaintiff was not able to do the same." Am. Compl. ¶ 14. But she does not say whether they were subject to the same standards governing performance evaluation or discipline. Nor does she provide allegations regarding Bouma's employment circumstances or work history. The Amended Complaint does not say what Bouma's warnings were for or whether his time off was unauthorized. Without such information, Larkins cannot plausibly allege that she and Bouma were similarly situated. Therefore, Larkins has failed to plausibly allege a disparate treatment claim under Title VII.

V.   **CONCLUSION**

For these reasons, the Court concludes that Larkins has failed to allege enough facts to state claims to relief that are plausible on their face. The Court dismisses her Amended Complaint [Doc. No. 24] without prejudice.[3] A separate judgment will follow.

---

[3] In her Response, Larkins seeks "leave to amend her Amended Complaint to more specifically plead the claims asserted therein." [Doc. No. 28 at 6]. But Larkins cannot seek leave to file another amended complaint in her response brief. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); LCvR7.1(c) ("A

IT IS SO ORDERED this 22nd day of July 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

response to a motion may not also include a motion . . . made by the responding party."); LCvR15.1 (explaining that a party moving to amend a pleading must attach the proposed pleading as an exhibit to the motion); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999))). Moreover, as noted above, Larkins had the benefit of several of ODHS's arguments before she filed her Amended Complaint. She also filed that amended complaint with leave of Court following her motion. Larkins has not shown in her Response or elsewhere to the Court how she would cure any of these pleading deficiencies, and she has not followed the rules she is bound to follow regarding motions seeking leave to amend. *See Albers*, 771 F.3d at 706 ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based.").

8